Peter E. Perkowski (SBN 199491)
peter@perkowskilegal.com
PERKOWSKI LEGAL, PC
515 S. Figueroa Street
Suite 1800
Los Angeles, California 90071
Telephone: (213) 340-5796

Attorneys for Plaintiff
BACKGRID LONDON LTD.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| BACKGRID LONDON LTD.,<br><br>*Plaintiff*,<br><br>v.<br><br>RACHEL ZOE ROSENZWEIG p/k/a RACHEL ZOE,<br><br>*Defendant*. | Case No.: 2:24-cv-5979<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br><br><br>*Jury Trial Demanded* |
|---|---|

Plaintiff BackGrid London Ltd., for their Complaint against Defendant Rachel Zoe Rosenzweig, professionally known as Rachel Zoe, alleges as follows:

## JURISDICTION

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C. § 101 et seq. This Court therefore has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 (federal question) and § 1338 (copyright).

## PARTIES

2. Plaintiff BackGrid London Ltd. is a private limited company organized and existing under the laws of the country of the United Kingdom with its principal place of business in London, England.

3. BackGrid is a premier celebrity news and photo agency that provides the world's news outlets with real-time content from top photographers. BackGrid also

maintains libraries of photographs on a diverse range of subjects including celebrities, music, sports, fashion, and royalty.

4. BackGrid licenses its photographs to leading magazines, newspapers, and editorial clients, throughout the world, including in the United States and in California.

5. BackGrid conducts business as a syndicator of photos and photo features of popular content. The business model is predicated on licensing the use of work to many different licensees, each of which pays a fee to publish.

6. Defendant Rachel Zoe Rosenzweig is an American fashion designer, businesswoman, and author who rose to prominence as a celebrity wardrobe stylist. She is professionally known as Rachel Zoe. On information and belief, Zoe resides in Los Angeles, California, in this judicial district.

7. On information and belief, Zoe owns and operates the Instagram account @rachelzoe, publicly available at www.instagram.com/rachelzoe, and/or is responsible for the content posted to that account.

8. This Court has personal jurisdiction over Zoe because she resides in Los Angeles, California, in this judicial district.

9. Venue in this judicial district is proper under 28 U.S.C. § 1400(a).

## BACKGROUND FACTS

10. BackGrid is the owner and copyright holder of a photographic image (the "Image") depicting American model and actress Dylan Penn wearing a pink dress. The Image was registered with the United States Copyright Office as Registration No. VA 2-227-538 (eff. Oct. 8, 2021). The Image was registered with the U.S. Copyright Office within 90 days of first publication.

11. BackGrid obtained ownership of this copyright, along with the right to sue for any infringement, from Xposure Photo Agency Inc. by written assignment.

12. BackGrid never licensed the Image to Zoe. Nevertheless, Zoe used the Image without authorization or permission to do so, and without paying a license fee.

13. Specifically, defendant or someone acting on her behalf copied the Image from Internet sources—on information and belief including legitimate licensees of plaintiff—stored the Image on servers or computers, modified the Image to create a derivative work that directly competes against BackGrid's Image, and displayed the Image on Zoe's social medical account @rachelzoe on Instagram.

14. The Images are creative, distinctive, and—as evidenced by Zoe's use and misappropriation of them—valuable. Because of the Image's quality, visual appeal, and celebrity subject matter, plaintiff earned revenue from licensing them and stood to gain more revenue from licensing.

15. Defendant's unauthorized use of the Image harmed the existing and future market for it. Defendant's Instagram post made the Image immediately available to her followers and to the public, including consumers of entertainment and fashion news—and especially news and images of the celebrity subjects of the Image—who would otherwise be interested in viewing licensed versions of the Image in the magazines, newspapers, and online publications that are plaintiff's customers. In addition, Defendant posted the Image to Instagram the day after BackGrid initially published it for licensing to customers—a critical time during which BackGrid's licensing activity is typically most robust.

16. Defendant's unauthorized use of the Image also harms BackGrid's business model by driving down the prices for legitimately licensed celebrity images and driving away actual and potential customers. BackGrid's customers—among them, media companies who pay large license fees for celebrity visual content—are less likely to purchase licenses, or pay as much for a license, when the same visual content will be widely distributed simultaneously on publicly available websites and social media.

17. In addition, Zoe's unauthorized use of the Image is commercial in nature. Zoe uses her Instagram feed for the purposes of promotion—specifically, to

promote personal brand awareness of herself and her business interests and to attract customers for her services.

18. As a fashion designer and businesswoman, Zoe operates in an industry in which copyrights are prevalent and well-understood. Based on that knowledge, Zoe was aware of the importance of copyright protection and knew that she needed to have but did not have permission to use the Image, and/or she acted recklessly by posting the Image without determining the right to do so.

## CLAIM ONE

### (For Copyright Infringement, 17 U.S.C. § 501)

19. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth here.

20. Plaintiff is the copyright owner of the protected Image named above in this Complaint.

21. Defendant has reproduced, displayed, or otherwise copied the Image without plaintiff's authorization or license.

22. The foregoing acts of defendant infringed upon the exclusive rights granted to copyright owners under 17 U.S.C. § 106 to display, reproduce, create derivative works, and distribute its work to the public. Such actions and conduct constitute copyright infringement in violation of 17 U.S.C. §§ 501 et seq.

23. Plaintiff has complied in all respects with 17 U.S.C §§ 101 et seq. and secured and registered the exclusive rights and privileges in and to the copyrights of the above-referenced works in accordance with 17 U.S.C § 408.

24. Plaintiff suffered damages as a result of defendant's unauthorized use of the Image.

25. Having timely registered copyright in the Image, plaintiff is entitled to elect statutory damages under 17 U.S.C. § 412 and § 504(c), in an amount of not less than $750 or more than $30,000 per infringement of each work registered before the infringements.

26. Plaintiff alleges, on information and belief, that defendant's actions were intentional or in reckless disregard of plaintiff's copyrights, and that such actions support an award of enhanced statutory damages for willful infringement under the Copyright Act, 17 U.S.C. § 504(c)(2), in the sum of up to $150,000 per infringed work.

27. In the alternative, plaintiff is entitled to recovery of its actual damages and defendant's profits attributable to the infringement of the Images, under 17 U.S.C. § 504(b).

28. Within the time permitted by law, plaintiff will make its election between actual damages and profit disgorgement, or statutory damages.

29. Plaintiff is also entitled to a discretionary award of attorney fees under 17 U.S.C. § 412 and § 505.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff request the following:

A. For a preliminary and permanent injunction against defendant and anyone working in concert with her from further copying or displaying the Image;

B. For an order requiring defendant to account to plaintiff for her profits and any damages sustained by plaintiff arising from the acts of infringement;

C. As permitted under 17 U.S.C. § 503, for impoundment of all copies of the Image used in violation of plaintiff's copyrights—including digital copies or any other means by which they could be used again by defendants without plaintiff's authorization—as well as all related records and documents;

D. For actual damages and all profits derived from the unauthorized use of the Image or, where applicable and at plaintiff's election, statutory damages;

E. For an award of pre-judgment interest as allowed by law;

F. For reasonable attorney fees;

G. For court costs and all other costs authorized under law;

H. For such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues permitted by law.

Dated: July 17, 2024  Respectfully submitted,

**PERKOWSKI LEGAL, PC**

By:  /s/ Peter Perkowski
  Peter E. Perkowski

  Attorneys for Plaintiffs
  BACKGRID LONDON LTD.